UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPHINE DERRINGER,

    Plaintiff,

v.                                                Case No:  2:15-cv-362-SPC-38MRM

CRACKER BARREL OLD COUNTRY
STORE, INC.,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff's Motion for Remand (Doc. #16) filed on July 16, 2015.  Defendant filed a Response in Opposition on July 27, 2015.  (Doc. #17).  The matter is ripe for review.

**Background**

On September 23, 2014, Plaintiff Josephine Derringer ("Derringer") brought this personal injury action against Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") in Florida state court. (Doc. #1-1). Derringer alleges Cracker Barrel breached its duty of care when a Cracker Barrel employee, Debra Kellams, negligently struck Derringer's body with a tray of food, causing injury to Derringer. (Doc. #2, at ¶8). Thereafter, on June 18, 2015, Cracker Barrel removed this action to federal court

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

pursuant to diversity jurisdiction. (Doc. #1). Now, Derringer asks the Court to remand this action back to Florida state court.

## Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Deutsche Bank Nat. Trust Co. v. Benaway, 2013 WL 3270399, at *1 (M.D. Fla. June 26, 2013). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Bolen v. Illinois Nat. Ins. Co., 2012 WL 4856811, at *2-4 (M.D. Fla. Aug. 28, 2012) (citing Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

When the defendant fails to meet its burden, the case must be remanded. Williams, 269 F.3d at 1321. Removal statutes are to be strictly construed against removal. Bolen, 2012 WL 4856811, at *3 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ( "[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. Bolen, 2012 WL 4856811, at *2-4 (citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979)).  With these principles in mind, the Court must evaluate the propriety of the removal here.

**Discussion**

Derringer avers that remand to Florida state court is proper because Cracker Barrel "failed to timely seek removal, failed to establish complete diversity among the parties, and failed to establish the amount in controversy." (Doc. #16 at 1). In response, Cracker Barrel argues that removal was timely, the parties are diverse, and the amount in controversy has been established. (Doc. #17). The Court finds Cracker Barrel's argument persuasive.

Derringer first argues that removal was untimely because Crack Barrel had access to discovery that illustrated removal was available months before this action was removed. (Doc. #16 at 2-3). That discovery, as Derringer explains, included her medical records, medical bills, interrogatory answers, and responses to requests for production. (Doc. #16 at 2-3). But in making this argument, Derringer fails to provide the Court with a copy of these documents, and instead relies on non-substantiated, conclusory statements. (Doc. #16 at 2-3). In stark contrast, Cracker Barrel responds by providing the Court with copies of the alleged interrogatory answers and responses to requests for production. (Doc. #17 at 4-7). And a review of these documents reveals that there was no indication that the amount in controversy exceeded $75,000. (Doc. #17 at 4-7). Derringer simply asserted numerous objections without a substantive answer. (Doc. #17 at 4-7).

Eventually, Cracker Barrel ascertained the amount in controversy at Derringer's May 20, 2015 deposition. (Doc. #1-5). At that time, Derringer admitted that she believes her claim to be worth more than $200,000 – an amount that clearly exceeds the amount-in-controversy requirement. (Doc. #1-5). After confirming that the amount in controversy

exceeded $75,000, Cracker Barrel moved promptly to remove this action, doing so less than a month after the deposition. (Doc. #1). Because Cracker Barrel removed this action shortly after ascertaining the amount in controversy for the first time, meeting all necessary deadlines under § 1446, the Court finds that removal was timely and that the amount in controversy has been established.

Derringer's next argues that Cracker Barrel "has provided insufficient evidence of diversity among the parties." (Doc. #16 at 3). In doing so, Derringer does not dispute that she is a citizen of Florida, but rather contends that Cracker Barrel has failed to establish its citizenship. In response, Cracker Barrel provided an affidavit from its Director of Risk Management, Robert Behnke, who swears Cracker Barrel is both incorporated and maintains its principal place of business in Tennessee. (Doc. #17 at 12). Without the benefit of any contradicting evidence, the Court finds that this affidavit is sufficient to establish Cracker Barrel's citizenship in Tennessee, therefore illustrating the Parties are diverse in citizenship.

Based on the foregoing, Derringer's Motion for Remand is due to be denied.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Remand (Doc. #16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 4th day of August, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record